■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES DYBALL, Appellant, v. ROSS E. HEROLD, as Superintendent of Dannemora State Hospital, Respondent.— Appellant has been discharged from Dannemora State Hospital. (See *Baxstrom* v. *Herold,* 383 U. S. 107.) Appeal dismissed as academic. (*People ex rel. Hirschberg* v. *Close,* 1 N Y 2d 258; *People ex rel. Cole* v. *Allen,* 22 A D 2d 893; *People ex rel. Taylor* v. *Ramsden,* 17 A D 2d 645.) Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

## FOURTH DEPARTMENT, MARCH, 1966

## (March 31, 1966)

■ PAUL WOLK, Respondent, v. LOUIS S. WOLK, Appellant.— Order unanimously modified by amending the second ordering paragraph to read as follows: " Ordered that the plaintiff's motion for a preference be, and the same hereby is, granted, and this case shall be placed at the head of the Trial Calendar on May 2, 1966 as a day certain case for immediate trial," and by striking therefrom the third ordering paragraph as unnecessary, and as so modified the order is affirmed, without costs of this appeal to either party. Memorandum: The few slight matters preliminary to trial require little further time. There is no reason why the case cannot be tried as a preferred day certain case, commencing May 2, 1966. (Appeal from order of Monroe Trial Term granting plaintiff's motion for a preference and denying defendant's motion to strike case from calendar.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ PAUL WOLK, Respondent, v. LOUIS S. WOLK, Appellant.— Appeal dismissed, without costs, as academic in view of the decision in companion case of *Wolk* v. *Wolk* (25 A D 2d 713), decided herewith. (Appeal from order of Monroe Special Term, denying plaintiff's motion for an injunction on condition that order granting preference is complied with.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GERALD F. CARTWRIGHT, Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted. Memorandum: On the trial of this indictment for assault, second degree, the inquiry of defense counsel directed to a prosecution witness as to how many officers he brought to arrest the defendant's son provided no reasonable basis for allowing the prosecution to offer evidence of defendant's resistance to lawful process and assault upon police officers on prior and unrelated occasions. The court in its charge stated that evidence of unlawful acts not charged was not to be used to infer that the acts charged had been committed. This was not sufficient to cure the highly prejudicial error of allowing in evidence the testimony of the prosecution witness that there had been prior instances of resistance to arrest at the defendant's home. Because of its lack of relevancy to the charges in issue and its prejudicial character its admission over defense counsel's vigorous objections and motions for mistrial necessitates a new trial in the interest of justice. (Appeal from judgment of Wyoming County Court convicting defendant of assault, second degree.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.